RECEIVED IN CLERK'S OFFICE
U S D C Atlanta

MAR 0 6 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUDY MELLICHAMP

Plaintiff,

CIVIL ACTION
FILE NO

V.

WELLS FARGO BANK, N.A.
FREMONT INVESTMENT & LOAN
AASENT MORTGAGE CORP

1 09-MI-0084

Defendants,

## COMPLAINT FOR PERMENANTE INJUCTION AND OTHER EQUITABLE RELIEF

COMES NOW, Judy Mellichamp, Plaintiff in the above styled matter and files this Complaint for Permanent Injunction and other Equitable Relief.

### INTRODUCTION AND FACTS

On October 21, 2005 the Plaintiff obtained a loan from, Fremont Investment and Loan located at 5404 Cypress Center Drive, Ste 300 Tampa, Fl 33609. The loan was in the amount of two hundred four thousand three hundred dollars and no cents (US $204,300.00), for the purchase of a home at 4321 Savannah Lane East Point Georgia 30349. (SEE EXHIBIT "A") Settlement statement.

The Loan number for this property is 926000188583.

This loan constitutes premeditation by the lender to be a deceptive loan of "Predatory lending". Which is a scheme designed to trick unaware people into loans that they can not afford, nor can they afford to pay back.

This loan was sold prior to the signing of the closing documents in a pool of Securities to investors on Wall Street. It has an Adjustable Rate Note that makes it Impossible for this borrower to on a consistent basis continue to make the payments as Required. The ARM was designed to adjust beginning November 1, 2007 and every six Months thereafter at a rate of 5.6431 % to current index. (SEE EXHIBIT "B") ARM.

The closing documents were not given to the Plaintiff before closing for her Viewing as per TILA ACT 15 U.C.S. § 1601 ET Regulation Z early disclosure Statements were not provided to consumer. ALSO SEE (RESPA). Special Information Booklet, containing consumer information was omitted. The Controlled Business Arrangement (CBA) Disclosure which is required was not given to the consumer as Required. 12 U.S.C. § 2607(c) (4).

This is a Sub-prime loan because it has within it a reduced broker fee on a High cost, and was a financed loan so that the total points and fees do not exceed 8% While the borrower paid the broker fees due him under the broker agreement from the Loan proceeds. Such fee transfers into a HOEPA loan. The loan was closed by false Pretense, false promise, misrepresentation, or knowing concealment, suppression, or Omission of material fact with the intent to deceive the Plaintiff.

There are errors in the Truth-in-Lending, the YSP to Forest Home, Inc Exceeds the required amount, it is ($ 5,400.00) this amount is illegal because the lender Paid the Mortgage Broker for arranging the loan under RESPA SEE Vargas v. Universal Mortgage Corp 2001 U.S. Dist Lexis 6696 6(N Dist ILL 2001) Culpepper v. Inland Mortgage Corp 132 F.3d 692 (11th Cir. 1998).

At no time were closing documents given to the Plaintiff prior to closing for her Viewing per TILA.

There is no timely transfer Notice to the Plaintiff prior to the new servicer as per TILA 15 U.S.C. § 1601(a). There was the absence of a Rescission Notice in the Closing Documents Pursuant to § 1635 of the TILA, "in a credit transaction in which A security interest is or will be retained or acquired in property which is the principal Principal dwelling of a consumer, each consumer has the right to rescind the Transaction". Robert A. Cook, a Primer on Close-End Credit Transactions. The material Disclosures were not delivered. See Id. At 1353. Under 12 C.F.R. § 226.17(d), Aames Was also required to provide Debtor with a copy of the Disclosure Statement. Davison v. Bank One Home Loan Services, supra, 2003 WL 124542, at * 4 ("in addition to the right To rescind form, lenders must deliver to each borrower one copy of the TILA disclosure Form") the defendants failed to provide these documents. Since the TILA is a remedial Statute, it should be construed liberally in favor of the consumer. Williams v. Empire Funding Corp., 109 F. Supp.2d 352, 357 (E.D.Pa.2000).

The Plaintiff was targeted for this loan because of her credit, income or gender. She did Not receive HOEPA disclosures that would have alerted her that there were financial Ramifications of high cost loans. SEE Companies Financial Corp., 24 F. Supp.2d 444, 450 (E. D. Pa. 1998.)

The Plaintiff sent a Letter Rescinding the loan and received a form response from the Defendants failing to produce the original requested promissory note or address my Concerns...

It is in the Plaintiff's best interest that all cases be combined and heard in Federal Court. This Court has Jurisdiction and Venue is property SEE Limitone LLC v. Google Inc. There is a Federal Question as to ownership and TILA Violations.

Due to the many violations this loan should be rescinded as per TILA 15 U.S.C. (b); Reg Z §§ 226.15(d) (1), 226.23(d) (1). §§ 226.15 and 226.23. Predatory Lending Practice 15 U.S.C. § 1602(a) (1) (A); Reg Z § 226.32(a) (i).

I have asked that the Note Holder show proof by original promissory note as to Who the real holder in due course is... Please see United States District Court Case for Deutsche Bank National Trust Company is not the holder in due course and therefore, does not have standing to foreclose on this property. (SEE Deutsche Bank 07CV2282 Northern District of Ohio). Should they desire to do so...

On January 23, 2008 Wells Fargo Bank loaned Ms. Mellichamp two hundred

Seven thousand one hundred dollars (US $ 207,100.00) secured by the property located At 4321 Savannah Lane Atlanta Georgia 30349. (SEE EXHIBIT "C") The documents Were predated to show the closing date as January 21, 2008. Due to the Miscommunication told to Ms Mellichamp by the broker Aasent Mortgage Corp that Monthly payments would be $1,574.00 (payments were actually $1,635.65). (SEE EXHIBITS "D") therefore, Ms. Mellichamp exercised her right to cancel the loan in a Timely manner. The rescission notice was disregarded and unanswered (SEE EXHIBITS "E","F", and "G") The Loan Number for this transaction is 0174009977.

## JURIDICTION AND VENUE

This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §§ 45(a), 53(b), 1607(c), 1691c(c), and 1681s (a), and 28 U.S.C. §§ 1331, 1337(a) and 1345. Venue is proper in the United States District Court for the Northern District of Georgia under 28 U.S.C. § 139(b) and (c), and 15 U.S.C. § 53(b).

## PARTIES

Plaintiff Judy Mellichamp an ordinary citizen trying to accomplish the American dream of home ownership. Having an address of 4321 Savannah Lane East Point, Georgia 30349.

At all times relevant to this Complaint, defendants Fremont Investment and Loan has been located at 5404 Cypress Center Drive, Ste 300 Tampa, Fl 33609, and Wells Fargo Bank N.A. 4800 W. Wabash Ave. Springfield, IL 62711.Aasent Mortgage Corporation 100 Galleria Pkwy Atlanta, Georgia 30339.

.

## INJURY

Judy Mellichamp has suffered, and will continue to suffer, substantial injury

As a result of the defendants' violations of law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff requests that this Court, as authorized by and pursuant to its own 11 U.S.C. § 362(a) .and pursuant to its owned equitable powers.

(a) Enter judgment against defendants and in favor of plaintiffs for Each Violation charged in the complaint.

(b) Permanently enjoin and restrain defendants from violating § TILA, Regulation Z, and RESPA in any way where Judy Mellichamp is Concerned.

(c) Find the defendants jointly and severally liable for redress to the Williams's who have been injured as a result of the defendants' violations of 5(c) of? The FTC Act, the TILA and Regulation Z, and. Award such relief as the Court Deems necessary to prevent enrichment and to redress borrower injury resulting from Violations of 5(a) of the FTC Act, the TILA and Regulation Z, the ECOA'S Regulation B, and the FCRA, including, but not limited to Rescission or Reformation of contract, the refund of monies paid, and disgorgement of ill-Gotten gains.

That the above requested damages be assets:

(d) For violation of the TILA ACT:

(e) Punitive damages for harassment, emotional distress and displacement. See Young v. Bank of America 141 Cal. App. 3d 108 (1983). Munger v. Moore 11 Cal. App. 3d. 1 (1970) $ 50,000.00.

(f) Plaintiff also, seeks statutory damages and equitable damages.(as the Court deems fair.)

(g) That the plaintiff is awarded special damages of $50,000.00

(h) And that three times the amount set by TILA for violations. Award plaintiff its cost to bring this action, as well as such other Additional equitable relief as the Court determines to be just and proper

(i) Or a voided mortgage.

If it becomes necessary to prosecute this action, That this case is tried by a jury of 12 persons.

Dated 3/5/2009

Respectfully Submitted,

*Judy Mellichamp*

Judy Mellichamp

**Judy Mellichamp**
**152 Nassau St NW**
**Atlanta, GA 30303**
**404 936-1647**

## VERIFICATION

Personally appeared before me, the undersigned attesting officer, Judy Mellichamp

And states under oath that the facts contained in the foregoing Complaint

are true and correct to the best of her belief and knowledge.

Sworn to and subscribed before me
This 5th day of March 2009

_____
Notary Public
My commission Expires 6-17-12